643 P.2d 14
**In the Matter of Lawrence J. EVANS, Jr., Appellee,**

v.

**STATE of Arizona, ex rel. ARIZONA CORPORATION COMMISSION, Earnest Garfield, B. L. "Bud" Tims, and Al Faron, Commissioners and Members of the Arizona Corporation Commission, Appellants.**

**No. 1 CA–CIV 5099.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 2, 1982.

Rehearing Denied March 8, 1982.

Review Denied March 30, 1982.

Law Offices of Lawrence J. Evans, Jr. by Lawrence J. Evans, Jr., Tempe, and John Acer, Phoenix, for appellee.

Lebowitz & Frondorf by Ronald Lebowitz, Shirley H. Frondorf and Mack T. Jones, Phoenix, for appellants.

## OPINION

WREN, Chief Judge.

Appellee, Lawrence J. Evans, Jr., brought this action to challenge his discharge from his position as a hearing officer for the Arizona Corporation Commission. The superior court reversed the Arizona State Personnel Board's (Personnel Board or Board) order of dismissal and held that the appellee was wrongfully dismissed from state service, remanding this matter to the Personnel Board for further action. We reverse the judgment of the superior court and reinstate the Personnel Board's decision of dismissal.

Appellee commenced work for the Arizona Corporation Commission as a hearing officer in September of 1972. Thereafter, in 1974, he became Chief Hearing Officer. On October 30, 1975, the executive secre-

tary of the Corporation Commission wrote appellee a letter informing him that he was no longer to exercise supervisory duties. After receipt of the letter the appellee's duties were to be the same as those of another hearing officer, David Kennedy; all directives theretofore issued by the appellee concerning the conduct of hearing officers and forms of orders were cancelled; all assignment of, and directives to, hearing officers were to be made by the executive secretary or his designee; and the appellee was to cease using the title of "Chief Hearing Officer." Although the import of this letter was to substantially change the scope of appellee's duties, there was no accompanying change in his salary. Further, the letter contained no indication or inference that the change in the appellee's duties was precipitated by the Corporation Commissioners' dissatisfaction with appellee's performance of his duties.

On June 21, 1976, the executive secretary terminated the appellee's employment, by letter, stating as reasons: (1) willful disobedience, (2) insubordination and (3) improper attitude.

Pursuant to A.R.S. § 41–785(A), appellee appealed his dismissal to the Personnel Board. A hearing was held before a duly appointed hearing officer who issued findings and recommended that appellee be reinstated as a hearing officer.

Following the hearing, the Personnel Board rejected the findings of the hearing officer, made findings and conclusions of law of its own and denied the appellee's appeal.

Appellee then appealed to the superior court pursuant to A.R.S. § 41–785(D). After reviewing the record established before the Personnel Board and hearing oral argument, the superior court issued a memorandum opinion and order reversing the decision of the Personnel Board to dismiss appellee, and remanding the matter to the Personnel Board for further action. An appeal was noticed from the memorandum opinion. Subsequently, this court dismissed the appeal, holding that the memorandum opinion and order was not a final judgment

within the meaning of A.R.S. § 12–2101(B). A formal judgment was subsequently entered by the superior court on August 29, 1979, and this appeal perfected.

The appellants contend that the superior court exceeded the scope of review permitted under A.R.S. § 41–785(D), by weighing the evidence and substituting its own judgment for that of the Personnel Board. They cite ample evidence in the record to support the grounds for dismissal found by the Board and assert that the superior court can only reverse a Personnel Board's decision where there is no evidence in the record to support the Board's findings.

The dismissal of a permanent public employee is limited to situations involving cause. State Personnel Commission v. Webb, 18 Ariz.App. 69, 500 P.2d 329 (1972). Under the laws governing personnel administration, insubordination, willful disobedience and improper attitude, among other grounds, constitute cause for dismissal or discipline of a state employee. A.R.S. § 41–770. An employee may appeal his dismissal to the State Personnel Board. A.R.S. § 41–785(A).

As was the case herein, the Personnel Board may assign an appeal to a duly appointed hearing officer. State Personnel Board Rule: R.2–5–33(B)(4). The hearing officer acts as the representative of the Personnel Board and is authorized to take such action as the Board itself is authorized to take by law and by the rules of the Personnel Board, "other than making the final findings of fact, conclusions of law, and order." (emphasis added). Id.

The principal function assigned to the hearing officer, after receiving the evidence, is to "write and submit a report embodying findings of fact, conclusions of law and recommendations, as well as a brief statement of reasons for his findings and conclusions." Id.

In the instant case the hearing officer concluded: "(1) The Corporation Commission failed to prove by a preponderance of the evidence the existence or validity of the reasons advanced for dismissing the appel-

lee from state service in the 'dismissal letter'; (2) The evidence did not establish that the appellee was guilty of willful disobedience, insubordination or had an improper attitude." Therefore, the hearing officer came to the legal conclusion that appellee did not violate the provisions of A.R.S. § 41–770(4), (6) and (14), and should not have been dismissed by the appellant.

After a review of the transcript of the testimony at the hearing and the exhibits and other documents submitted at the hearing, the Board rejected the hearing officer's findings of fact, in part, and made new findings of fact and conclusions of law. The Board's action was taken pursuant to the Personnel Board Rules and Regulations which provide, "the Board may affirm, reverse, adopt, modify, supplement, amend or reject the hearing officer's report in whole or in part, may recommit the matter to the hearing officer with instructions, may convene itself as a hearing body, or may make any other appropriate disposition of the appeal." R.2–5–33(13).

█ It is clear, both by statute and regulation, that the Personnel Board is the final fact finder and that the function of the hearing officer is advisory only.

We find nothing constitutionally infirm in this procedure. The Personnel Board possesses no supervisory authority over the state employees whose appeals it hears and therefore satisfies the requirement of being a fair and impartial tribunal. *See, Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

Moreover, when the Board delegates its responsibility to conduct an evidentiary hearing to a hearing officer, it does so as a convenience to itself alone. By assigning some of its duties to a hearing officer, the Board is freed of the time consuming evidence gathering tasks which can be performed adequately by a subordinate individual. This practice has been found to comport with due process standards especially where the Board decision is based upon the official record before the hearing officer. *Fulton v. Dysart Schools*, 1 CA–CIV 5827 (filed this date).

The Personnel Board's decision found that the evidence justified the following factual conclusions:

1. That the testimony of Donald E. Vance and Rodger Golston together with Exhibit 4 establishes that Appellant continued to use the title, "Chief Hearing Officer" in defiance of the written direction by Respondent that he discontinue its use.

2. That Appellant asserted that he was responsible for the supervision of two Hearing Officers in Phoenix and one illegal Hearing Officer in Tucson and in papers filed by Appellant subsequent to the hearing he has continued to argue that the Hearing Officer in Tucson is illegal, thus criticizing the Commissioners in the performance of their management prerogatives.

3. That Appellant, in his conversations with Mr. Vance, criticized the Commissioners, impugned their integrity and suggested that he had inside information concerning the Commissioners which might be presented to a grand jury if he was not permitted to continue as Chief Hearing Officer. There is no basis for doubting the truthfulness of Mr. Vance's testimony in this instance.

4. That Appellant, by his own admission, discussed Commission business with outside parties other than legal counsel.

5. That Appellant was and is of the firm opinion that he has personally been misused by the Commission. His constant expression of this opinion to fellow employees has had a disrupting affect upon them. To the extent of that disruption his efficiency as a Hearing Officer has been diminished. By way of clarification a Hearing Officer who conducts his hearings and writes his reports with a high degree of efficiency can become almost useless by allowing his feelings of abuse and misuse to so affect his attitude and conduct that he disrupts fellow employees and superiors to the point that the overall function of his employer is disturbed and

diminished. In that respect his efficiency as a Hearing Officer is lessened.

The Board then made the following conclusions of law in denying the appellee's appeal:

1. That Appellant's continued use of the title, "Chief Hearing Officer" and his statements that he had Hearing Officers under his supervision after he had been specifically directed not to use said title and after he had been informed that he no longer had any supervisory authority over any Hearing Officer constituted wilful disobedience under A.R.S. 41–770.

2. That Appellant's continued reference to the illegal Hearing Officer in Tucson, his continued criticism of the Commissioners and his apparent threat to present his inside information to a grand jury unless those Commissioners continued him as a Chief Hearing Officer constituted insubordination under A.R.S. 41–770.

3. That Appellant's discussion of Commission business with outside parties and his actions and talk within the Commission resulting from his belief that he was being misused constituted an improper attitude under A.R.S. 41–770.

4. That Appellant's conduct as an employee of Respondent, as above described, justified Respondent, under law, to dismiss him.

The grounds which a dismissed employee may urge on appeal to the superior court are limited by A.R.S. § 41–785(D) and are in keeping with the legislative scheme of vesting ultimate decision making power in the administrative board. *Fulton v. Dysart, supra.* The scope of review on appeal to the superior court is limited by this statute to a determination of whether the order was:

1. Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules.

2. Unsupported by any evidence as disclosed by the entire record.

3. Materially affected by unlawful procedure.

4. Based on violation of any constitutional provision.

5. Arbitrary and capricious. A.R.S. § 41–785(D).

The factual and legal basis for the trial court's judgment is set forth in its memorandum opinion. The memorandum opinion details the evidentiary basis and legal conclusions upon which the judge relied in making his ultimate judgment. The superior court apparently conducted its review under A.R.S. § 41–785(D)(2), by reviewing the evidence as applied to the stated reasons for the appellee's termination.

■ The scope of review on appeal of an administrative agency under the provisions of A.R.S. § 41–785 is set forth in *Board of Education of Tempe Union High School v. Lammle,* 122 Ariz. 522, 526, 596 P.2d 48, 52 (App.1979): "[T]he superior court may not substitute its determination of good cause for that of the board and is limited to a determination of whether reasonable evidence supports the board's finding, and if so, whether the determination that good cause exists is arbitrary, capricious or an abuse of discretion." The superior court is not to weigh the evidence on which the decision is based. The court must uphold the decision of the administrative body unless the decision sought to be reviewed is without any reasonable evidence to support it, or is absolutely contrary to the evidence upon which it purports to rest. A.R.S. § 41–785(D)(2).

■ There can be no question here but that there was reasonable evidence to support the causes stated for appellee's dismissal. Without going into evidentiary detail, testimony and documentary evidence was introduced which substantiated the charges against appellee including his continued use of the title, "Chief Hearing Officer", his assertion of supervisory authority over other hearing officers, his constant criticism of and improper attitude toward the corporation commissioners, and his disruptive and negative impact on co-employees.

■ It appears from the memorandum opinion that the superior court judge did

574

not feel that the weight of the evidence substantiated the charges of willful disobedience or insubordination. Further, the judge did not accept "improper attitude" as a cause justifying removal, stating that the term was too indefinite and uncertain to constitute a cause for dismissal. The judge's decision to overrule the Board's determinations on these issues, where there was "reasonable evidence" in the record to sustain them, constituted error. Neither the trial court nor this court may ignore A.R.S. § 41–770, establishing causes for dismissal, absent a showing that the statute is arbitrary in nature having no substantial relationship to the end sought to be accomplished. *See, Civil Service Board of City of Phoenix v. Warren*, 74 Ariz. 88, 244 P.2d 1157 (1952).

Reviewing the charges against the appellee we cannot say that permitting the appellee to continue his employment while violating the provisions of A.R.S. § 41–770 could not have been detrimental to the efficient operation of the Corporation Commission in fulfilling its constitutional obligations. A.R.S. § 41–781 through § 41–785, and the rules enacted pursuant to A.R.S. § 41–782(1), vest discretion in the Personnel Board, not in the courts, to determine when a violation of A.R.S. § 41–770 has occurred and whether the violation is sufficient to justify termination. Review in the superior court is not by trial *de novo.* A.R.S. § 41–785. Under these circumstances the court will interfere only when there is no reasonable evidence to support the Board's decision.

In determining whether the Board's decision is reasonable and based on the evidence, as distinguished from arbitrary and capricious, a court must bear in mind that this standard may permit a difference of opinion on the same subject. *Tucson Public Schools, District No. 1 of Pima Co. v. Green*, 17 Ariz.App. 91, 495 P.2d 861 (1972). A decision is not arbitrary and capricious if it is exercised honestly upon due consideration for facts and circumstances, even though there may be room for diverse opinions and it is believed that an erroneous conclusion

has been reached. *Id.* Here the Personnel Board's decision was supported by evidence in the record, and, the superior court should have affirmed that decision on review.

The judgment of the superior court is reversed and the Personnel Board's decision of dismissal is reinstated.

JACOBSON, P. J., and YALE McFATE, J., concur.

NOTE: The Honorable YALE McFATE, a retired judge of a court of record, was authorized to participate by the Chief Justice of the Supreme Court pursuant to Ariz. Const. Art. VI, § 20.