799 P.2d 865

Alfred F. DEUEL, Plaintiff/Appellant,

v.

ARIZONA STATE SCHOOL FOR the DEAF AND BLIND; Armin Turecheck, President of the Board of Directors and Members Thereof, Defendants/Appellees.

No. 2 CA–CV 89–0266.

Court of Appeals of Arizona, Division 2, Department A.

May 10, 1990.

Review Denied Nov. 6, 1990.

Gonzales and Villarreal by Joan C. Calcafgno, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Sarah A. Bailey, Tucson, for defendants/appellees.

## OPINION

HOWARD, Judge.

Deuel appeals from an adverse order denying him the right to a post-termination hearing after his discharge from the Arizona State School for the Deaf and the Blind (ASDB).

## FACTS

In 1986, ASDB hired Deuel as a physical education instructor. On November 15, 1988, he was placed on administrative leave with pay, pending investigation by Dr. Barry Griffing, the ASDB superintendent of schools. On November 23, Griffing sent a letter notifying Deuel of his possible termination for improper attitude, inefficiency and physical assault. In the letter, Griffing offered appellant the opportunity to refute the allegations and to set a meeting date if he wished to discuss the matter personally. Deuel responded by mail on November 30, rebutting each allegation in Griffing's letter. He was terminated for cause on December 12 pursuant to A.R.S. § 15–1326(C).

On December 22, appellant requested a post-termination hearing and asked that he be sent any applicable policies and procedures governing termination proceedings. A.R.S. § 15–1326(C). On March 17, 1989, ASDB replied. It denied Deuel's request on the basis that it lacked authority to provide a post-termination hearing. Deuel then filed a complaint for special action relief in Pima County Superior Court pursuant to 17B A.R.S. Special Actions, Rules of Proc., Rules 3 and 4. Relief was denied and this appeal followed.

## ISSUE

The sole issue on appeal is whether a public employee has the right to a post-termination hearing, if before being discharged, he or she has received minimum pre-termination process within the meaning of *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). For the following reasons, we vacate the trial court's order de-

nying Deuel relief and remand this matter to the trial court for further proceedings.

## DISCUSSION

Deuel contends that the trial court abused its discretion in denying him the right to a post-termination hearing.

### 1. *Property Interest.*

■ Before a public employee can invoke the fourteenth amendment's guarantee of procedural due process, he or she must first assert a constitutionally protected interest in life, liberty or property. *Cleveland Board of Education v. Loudermill,* supra; *Vanelli v. Reynolds School District No. 7,* 667 F.2d 773 (9th Cir.1982). Continued employment with a state agency has been recognized as a constitutionally protected claim to property. *Id.* Deuel was classified as a permanent employee with ASDB; accordingly, he was entitled to due process protections before he could be fired mid-year. A.R.S. § 15–1326(C); *Matthews v. Harney County, Oregon, District No. 4,* 819 F.2d 889 (9th Cir.1987); *Vanelli,* supra. Because this issue was not contested by the parties, we need not discuss it further.

### 2. *Loudermill: Right to Post–Termination Hearing.*

■ Due process requires notice and some kind of hearing before a person can be deprived of any significant property interest. *Loudermill,* supra; *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Court in *Loudermill* held that before termination, at a minimum, an employee is "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." 470 U.S. at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506.[1]

In *Loudermill,* the court held that due process is satisfied if informal pre-termination procedures are followed by a full post-termination hearing. This permits a state entity to utilize minimal procedures in order to expeditiously remove an employee. However, after the employee is removed, the government must fulfill its obligation to provide a meaningful hearing. The record here shows that although ASDB satisfied the minimum pre-termination requirements of *Loudermill* before discharging Deuel, it failed to give him a post-termination hearing. Under these circumstances, a post-termination hearing was required. The question, however, remains: What process is due?

■ As a preliminary matter, ASDB argues that it lacks authority to provide its employees post-termination hearings. We find no merit to this contention. A.R.S. § 15–1326(C) provides that discharged "permanent" employees are "entitled to due process protections ... provided by the board." Further, due process protections are not a product of legislation, but of our Constitution. *Loudermill,* supra. Even without the authority conferred by A.R.S. § 15–1326(C), ASDB would have been required to provide adequate notice and a hearing before it fired Deuel.

■ Procedural requirements are tailored to meet the circumstances of each case. Due process requires a meaningful opportunity to be heard before a person can be deprived of a constitutionally protected interest. *Vanelli,* supra.[2] We believe the following list of factors found in *Serafin v. City of Lexington, Nebraska,*

---

1. Failure to respond to pre-termination investigations may constitute a waiver of one's due process rights. See *Williams v. Pima County,* 164 Ariz. 170, 791 P.2d 1053 (Ct.App.1989). Here ASDB argues waiver because Deuel failed to meet with Griffing. However, the record shows that Deuel responded fully to Griffing's accusations. The fact that he did so by letter rather than in person does not mean he waived his right to a post-termination hearing.

2. The adequacy of the hearing is analyzed under the three-point balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976): (1) the significance of the private interest involved; (2) the "risk of erroneous deprivation" of the constitutional interest through the procedures used and the probable value of additional procedural safeguards; and (3) the fiscal and administrative burden on the government that additional procedures would entail.

547 F.Supp. 1118 (D.Neb.1982), aff'd, 716 F.2d 909 (8th Cir.1983), are required for a valid due-process hearing:

1. "adequate written notice of the specific grounds for termination." *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970);

2. "disclosure of the evidence supporting termination," *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), including the names and nature of the testimony of adverse witnesses. *Stewart v. Bailey,* 556 F.2d 281 (5th Cir.1977);

3. the opportunity "to confront and cross-examine available adverse witnesses." *Goldberg v. Kelly,* supra; *Nevels v. Hanlon,* 656 F.2d 372 (8th Cir.1981); see also *Vanelli,* supra.

4. the "opportunity to be heard in person" and present evidence. *Morrissey v. Brewer,* supra; *Matthews v. Harney County, Oregon, School District No. 4,* supra; *Stewart v. Bailey,* supra.

5. "the opportunity to be represented by counsel." *Goldberg v. Kelly,* supra; *Vanelli,* supra.

6. "a fair-minded and impartial decision maker." *Vanelli,* supra; *Stewart v. Bailey,* supra.

7. "a written statement by the fact-finders as to the evidence relied upon and the reasons for the determination made. *Morrissey v. Brewer,* supra.

The order of the trial court is vacated and the case is remanded with directions to require ASDB to provide Deuel a post-termination hearing. Deuel will be awarded reasonable attorney's fees and expenses pursuant to A.R.S. § 12–2030. A.R.S. § 12–341.01 provides an equally plausible basis for awarding Deuel his reasonable attorney's fees because this action arises out of an employment contract. ASDB's request for attorney's fees is denied.

ROLL, P.J., and HATHAWAY, J., concur.