817 P.2d 20

**Marcella JOHNS, Plaintiff–Appellee, Cross–Appellant,**

**v.**

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Defendant–Appellant, Cross–Appellee.**

**Nos. 1 CA–CV 90–051, 1 CA–CV 90–119.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 6, 1991.

DeeAn Gillespie, Phoenix, for plaintiff-appellee, cross-appellant.

Grant Woods, Atty. Gen. by Jim Howard, Chief Counsel, Civil Div., and Robert Segelbaum, Asst. Atty. Gen., Phoenix, for defendant-appellant, cross-appellee.

## OPINION

GERBER, Presiding Judge.

Marcella Johns was employed by the appellant, Arizona Department of Economic Security (DES). Johns was terminated by DES and filed an appeal with the Arizona State Personnel Board (Personnel Board). The Personnel Board affirmed her termination. Johns filed a complaint in superior court pursuant to A.R.S. § 12–901 et seq., the Administrative Review Act. The superior court then reversed the decision of the Personnel Board. This appeal followed. We now reverse the Personnel Board's decision to dismiss and affirm the superior court, in part, on grounds other than those upon which the superior court relied. We also affirm the superior court's denial of attorney's fees. We address other issues as well because they may arise again.

## FACTS

Marcella Johns was employed by DES in 1980. At the time of her termination on August 18, 1988, she was a social worker in the Administration for Children, Youth and Families (ACYF). ACYF obtained custody of abused children. It obtained certified copies of birth records from the Arizona Department of Health Services (DHS) which it used to obtain social security benefits for those children.

Johns' daughter, C, gave birth to a daughter named S. Although C was married at the time of S's birth, S's biological father was not C's husband. S's biological father acknowledged paternity, but that fact was never judicially established.

When S was born, her mother refused to provide the hospital with the identity of her husband. The hospital refused to enter S's biological father's name on her birth certificate without a judicial decree of paternity. The name of S's father was left blank on the birth certificate.[1]

An employee of DHS testified at the Personnel Board hearing regarding procedures for obtaining certified copies of birth certificates from DHS. She testified that in the event a married woman gives birth to a child whose biological father is not the woman's husband, and the mother refuses to list her husband as the father on the birth certificate and fails to obtain a judicial decree of paternity, the birth certificate is intentionally left incomplete. DHS refuses to issue certified copies of an incomplete record to the family.

Johns' daughter, C, had been denied welfare and food stamp benefits for S because she lacked a certified copy of S's birth certificate. C requested Johns' help in obtaining a certified birth record.

Johns obtained permission from her supervisor to obtain a certified copy of S's birth certificate through DES. The certified copy had the words "FOR GOVERNMENT USE ONLY" prominently stamped in red on its face. It also contained the following statement: "WARNING: It is illegal to alter or counterfeit this copy." The birth certificate had a blank space for the father's name.

Upon receipt of this certified copy of the birth certificate, Johns typed in the biological father's name and gave the altered birth certificate to her daughter, who then used the altered birth certificate to obtain welfare, food stamps and social security benefits for S. The Department of Social Security discovered the alteration and informed DHS, which in turn notified DES.

DES notified Johns by letter that charges were being brought against her as a result of her alteration of the certificate. The letter stated that DES was considering her dismissal and directed her to submit a written response to each allegation. Johns responded to the allegations by letter. DES later notified Johns of her dismissal.

Johns appealed her dismissal to the Personnel Board pursuant to A.R.S. § 41–785(D). After taking evidence, the hearing officer issued findings of fact and conclusions of law recommending that no disciplinary action be taken. The Personnel Board rejected this recommendation and upheld Johns' termination. The Personnel Board specifically found that Johns did not commit a wrong in obtaining the birth certificate but that her subsequent acts of alteration violated A.A.C.R2–5–501 and thereby merited disciplinary action.[2]

---

1. A.R.S. § 36–322(E) entitled "Birth Registration" provides that:

   If the mother of a child is married at the time of birth of the child or was married any time in the ten months immediately preceding such birth, the name of her husband shall be entered on the birth certificate as the father and is otherwise presumed to be the father of the child, except where paternity has been established otherwise by a court of competent jurisdiction. In such instance, the name of the man so adjudged shall be entered on the record as the father.

2. A.A.C.R2–5–501 articulates the standards of conduct for state employees. This rule states in part that:

   A. General. In addition to statutorily prohibited conduct [see A.R.S. § 41–770], a violation of the standards of conduct listed in Subsections (B), (C), and (D) below is cause for discipline or dismissal of a state service employee.

   B. Required conduct. State Service employees shall:

Johns appealed the Personnel Board's decision to the superior court. She alleged the following grounds pursuant to A.R.S. § 41–785(D): (1) the order was founded on or contained error of law, including error of construction or application of rules; (2) the order was unsupported by the record; (3) the order was materially affected by unlawful procedure; (4) the order was based on a violation of constitutional provisions; and (5) the order was arbitrary or capricious. The superior court held that there was "insufficient evidence" to support the Personnel Board's decision and reversed the order of dismissal.

On appeal, DES seeks to reinstate Johns' dismissal. Johns has cross-appealed seeking an award of attorney's fees.

## DISCUSSION

A.R.S. § 41–785(D) addresses appeals from the Personnel Board. It provides that:

Any party may appeal the decision of the board pursuant to title 12, chapter 7, article 6 to the superior court in the employee's county of residence on one or more of the following grounds, that the order was:

(1) Founded on or contained error of law which shall specifically include error of construction or application of any pertinent rules.

(2) Unsupported by any evidence as disclosed by the entire record.

(3) Materially affected by unlawful procedure.

(4) Based on violation of any constitutional provision.

(5) Arbitrary or capricious.

In her appeal to the superior court, Johns alleged that the Personnel Board order was in error in each of the five instances set forth above. We address each of the five grounds alleged by Johns.

### a. *Sufficiency of the Evidence*

On appeal, DES asserts that the trial court applied an incorrect standard in reviewing the decision of the Personnel Board. DES contends that the trial court should have applied the standard articulated in *Evans v. State, ex rel. Arizona Corporation Commission*, 131 Ariz. 569, 643 P.2d 14 (App.1982), *cert. denied*, 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 46 (1982). We agree.

■ The trial court held that pursuant to A.R.S. § 41–785(D) there was "insufficient evidence" to support the Personnel Board's decision to dismiss Johns. The trial court's scope of review on appeal from an administrative agency's order under the provisions of A.R.S. § 41–785(D) is very limited. The trial court must uphold the decision of the administrative body unless the decision sought to be reviewed lacks *any* reasonable evidence to support it. *Evans*, 131 Ariz. at 573, 643 P.2d at 18.

■ Contrary to the trial court's view, we find sufficient evidence to support the Personnel Board's decision to uphold Johns' dismissal. In so holding, we do not suggest that this evidence compelled dismissal nor that this result is mandated in any future proceedings but only that the evidence presented against Johns is suffi-

1. Maintain high standards of honesty, integrity, and impartiality, free from any personal considerations, favoritism, or partisan demands.

. . . .

C. Prohibited conduct. State Service employees shall not:
1. Use their official position for personal gain, or attempt to use, or use, confidential information for personal advantage.

. . . .

3. Perform any act in private capacity which may be construed to be an official act.

. . . .

5. Directly or indirectly use or allow the use of state property of any kind, including

property leased to the state, for other than official activities.

cient for her dismissal. In its October 19, 1988 order of dismissal, the Personnel Board found that although Johns had committed no wrong in obtaining the birth certificate, her alteration violated A.A.C.R2–5–501. The hearing officer found the following additional facts, which were later affirmed by the Personnel Board: (1) the certified copy of the birth certificate obtained by DES from DHS specifically stated that it was for government use and that any alteration was illegal; and (2) Johns altered the certified copy of the birth certificate by using state facilities, with full knowledge that it would be used by her daughter to obtain federal funds.

Sufficient evidence also supports the finding that Johns violated the subsections of A.A.C.R2–5–501. This evidence supports a finding that Johns: (1) used her official capacity to gain personal advantage in the form of monetary benefits for her family in violation of A.A.C.R2–5–501.C.1; (2) performed an act in a private capacity which can be construed to be an official act in violation of A.A.C.R2–5–501.C.3; and (3) used state facilities for other than official activities in violation of A.A.C.R2–5–501.-C.5.

### b. *Due Process Violations*

Johns also alleges that DES and the Personnel Board employed unlawful procedures which constituted error pursuant to A.R.S. § 41–785(D).

### 1. *Termination Hearing*

Johns argues that she was denied a pretermination hearing guaranteed to her as a state employee by the Fourteenth Amendment in accordance with *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Johns alleges that this lack of a pretermination hearing also violated the State Administrative Procedure Act in § 41–1062(B), which provides in part:

Except when good cause exists otherwise, the agency shall provide an opportunity for a rehearing or review of the decision of an agency before such decision becomes final....

We find that the pretermination proceedings invoked in Johns' case violated neither her constitutional right to due process as articulated in *Loudermill,* nor the directive contained in A.R.S. § 41–1062(B).

The touchstone of due process involves notice and an opportunity to be heard before an individual is deprived of a property interest. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). *Loudermill* requires an employer to provide its employee with a reasonable opportunity to be heard prior to termination. *Cleveland Board of Education,* 470 U.S. at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506. The pretermination requirement of *Loudermill* does not go so far as to require the employer to conduct a formal adversarial proceeding nor does the proceeding need to be elaborate. *Id.* *Loudermill* and its progeny are unclear on whether reasonable opportunity requires a hearing. *Loudermill v. Cleveland Board of Education,* 844 F.2d 304, 312 (6th Cir. 1988), *cert. denied,* 488 U.S. 941, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988). *Loudermill* acknowledges that the formality and procedural requisites of the pretermination proceeding may vary depending upon the importance of the interests and the nature of the subsequent proceedings. *Cleveland Board of Education,* 470 U.S. at 546, 105 S.Ct. at 1495, 84 L.Ed.2d at 506.

Arizona courts have accordingly held that *Loudermill* does not require a formal adversarial hearing prior to termination but requires notice of the reasons for discharge and a reasonable opportunity to dispute these reasons prior to termination. *Deuel v. Arizona State School for Deaf and Blind,* 165 Ariz. 524, 526, 799 P.2d 865, 867 (App.1990); *Williams v. Pima County,* 164 Ariz. 170, 174, 791 P.2d 1053, 1057 (App.1989); *see also Zavala v. Arizona State Personnel Board,* 159 Ariz. 256, 766 P.2d 608 (App.1987). The *Williams* court stated:

In other words, all *Loudermill* requires is an opportunity for an employee to give his side of the story before his employer reaches the decision to fire him. (Citations omitted.)

164 Ariz. at 174, 791 P.2d at 1057.

Courts which construed *Loudermill* have upheld written pretermination pro-

ceedings when an elaborate and meaningful post termination proceeding is in place. *Brasslett v. Cota,* 761 F.2d 827, 836 (1st Cir.1985); *Buschi v. Kirven,* 775 F.2d 1240, 1256 (4th Cir.1985); *Kelly v. Smith,* 764 F.2d 1412, 1414 (11th Cir.1985); *Deuel,* 165 Ariz. at 526, 799 P.2d at 867. On this record, we conclude Johns' written response satisfied the due process requirements of *Loudermill* in light of the careful and expansive post termination proceedings accorded Johns. She was advised of the charges against her by a letter dated July 5, 1988, wherein she was instructed to respond in writing. She was afforded an opportunity to present her version of the facts to DES prior to termination. She submitted a written response to the charges on July 8, 1988, well before her August 18, 1988 dismissal. Johns then appealed DES's termination to the Personnel Board. The Personnel Board as an autonomous body made an independent decision based on its own findings of fact and conclusions of law. Johns had ample opportunity to speak in her defense prior to DES's decision to terminate her. We conclude that neither her right to procedural due process in *Loudermill* nor A.R.S. § 41-1062(B) was violated.

### 2. *Notice of Personnel Board Meeting*

■ Johns also alleges that she received insufficient notice of the October 19, 1988 Personnel Board meeting. She contends that the defective notice resulted in a denial of her due process rights and error by the Personnel Board pursuant to A.R.S. § 41-785(D)(3) and (4). We agree, and it is on this basis only that we affirm the trial court's dismissal of the termination order.

Pursuant to A.R.S. § 41-785(B), the Personnel Board appointed a hearing officer to conduct the hearing. Johns and her counsel were present at the hearing. The hearing officer's findings and conclusions were considered by the Personnel Board at a subsequent meeting on October 19, 1988. Notice of that meeting was given in accord with the open meeting laws, A.R.S. § 38-

431 *et seq.,* as required by A.A.C.R2-5.1-101(A). Johns admits she received a copy of the hearing officer's findings of fact, conclusions of law and recommendations. A transmittal letter accompanying the documents stated that the parties had 10 days to file objections, that they would be notified by mail of the time and place of the board meeting, and that they should call the appeal secretary for questions. Notice of the October 19, 1988 meeting was sent to Johns by registered mail on October 12, 1988. She claims to have received this notice on October 25, 1988, after the meeting occurred, although delivery was attempted on two prior occasions.

A.A.C.R2-5.1-102(13), entitled "Personnel Board decision", provides the only specific information regarding notice to the parties of the Personnel Board meeting at which the appeal is considered. A.A.C.R2-5.1-102(13) provides in part that:

> The Board shall notify the interested parties *in advance* of the time and place of the Board meeting at which the appeal will be decided.

(Emphasis added.)

Regarding the manner in which notice must be given, A.A.C.R2-5-102(D), entitled "Service of notice", provides that:

> If any notice or document is to be given to any person or agency, the notice or document may be served personally or mailed to the last known residence or current business address of the addressee. Unless otherwise provided by law or these rules, service is complete upon mailing.

Johns argues that she was entitled to the same twenty-day notice for the Personnel Board meeting as she received prior to the hearing of her case before the Personnel Board hearing officer. Her argument is based upon A.A.C.R2-5.1-101(F), entitled "Notice to parties", which provides:

> All parties in a contested matter scheduled for a Board meeting shall be notified of the Board meeting pursuant to A.R.S. § 41-785.

A.R.S. § 41-785(B) provides in part as follows:

> ... Both the employee and his employing agency shall be notified not less than

*twenty days* in advance of the hearing and may select representatives of their choosing, present and cross-examine witnesses, and give evidence before the personnel board....

(Emphasis added.)

A.R.S. § 41–785(B) provides that the twenty-day notice must be given prior to the Personnel Board hearing. It does not mention notice for the Personnel Board meeting after the hearing at which findings, conclusions and recommendations are considered. However, A.A.C.R2–5.1–101(F) provides that the twenty-day notice of A.R.S. § 41–785(B) *does* apply to a "Board meeting".

We interpret the notice requirements of A.A.C.R2–5.1–101(F) to refer to any Personnel Board meeting where an employee's interests are finally determined. Under this interpretation, the Personnel Board must give the interested parties twenty days notice of the meeting, whether it is termed a "hearing" or "meeting". Notice of the Personnel Board meetings where findings, conclusions and recommendations are considered must be effected twenty days in advance. We conclude that the registered letter dated October 12, 1988, did not and, in fact, could not afford Johns adequate notice of the October 19, 1988 Personnel Board meeting at which, had she been present, she would have had an opportunity to persuade the Board to change its eventual 3–2 vote.

Because of the prospect of further proceedings, we address Johns' remaining issues. She contends that the statements made at the October 19 meeting in her absence and in the absence of her counsel were ex parte communications which deprived her of her due process right to be heard at a meaningful time under *Mandraes v. Hungerford,* 127 Ariz. 585, 623 P.2d 15 (1981). We agree only to the extent, as described above, that Johns' due process rights regarding notice were violated.

### c. *Error of Law*

Johns also alleges that, pursuant to A.R.S. § 41–785(D)(1), the Personnel Board erred as a matter of law in basing her dismissal on a charge that she had violated A.R.S. § 38–421(B), which makes it a class 6 felony to alter official documents. Johns alleges that her liability under that statute was never proven to the hearing officer's satisfaction.

Contrary to Johns' allegations, the Personnel Board never alleged a violation of A.R.S. § 38–421 as a reason for her dismissal. The Personnel Board affirmed her dismissal based upon violation of A.R.S. § 41–770 and A.A.C.R2–5–501. The Personnel Board did not err as a matter of law.

### d. *Arbitrary and Capricious*

Johns also argues that the trial court's judgment should be affirmed because the Personnel Board's order of dismissal is arbitrary and capricious and therefore an abuse of discretion. She argues that dismissal was an unduly harsh form of discipline.

This court will not substitute its judgment for that of the Personnel Board on whether suspension or dismissal is a more appropriate response to specific employee misconduct. *Zavala,* 159 Ariz. at 260, 766 P.2d at 612. The Personnel Board is empowered to make decisions regarding the degree of discipline. We will not usurp such authority without a clear abuse of discretion, which is not shown here.

### ATTORNEY'S FEES

The superior court stated in its minute entry denying Johns' request for attorney's fees that it considered the factors in *Associated Indemnity Corp. v. Warner,* 143 Ariz. 585, 694 P.2d 1199, (App.1983), *modified,* 143 Ariz. 567, 694 P.2d 1181 (1985). The balancing and evaluation of the factors pertinent to denial of attorney's fees is within the discretion of the superior court. *Id.* This court will not substitute its discretion for that of the superior court if the record contains a reasonable basis to sustain the decision of the court. *Solar–West Inc. v. Falk,* 141 Ariz. 414, 687 P.2d 939 (App.1984). As the pre-

vailing party, Johns is not automatically entitled to attorney's fees because the language of A.R.S. § 12–341.01 is permissive.

Johns argues that A.R.S. § 12–341.01(A) is applicable because her appeal to the superior court arose out of the termination of her employment contract and that the superior court erred in denying her attorney's fees pursuant to A.R.S. § 12–341.01. We agree with Johns that A.R.S. § 12–341.01 is applicable. *Deuel,* 165 Ariz. at 526, 799 P.2d at 867. However, there is nothing in the record to show that the superior court abused its discretion in denying Johns' attorney's fees.

The judgment of the superior court is affirmed only on the ground of violation of the twenty-day notice requirement. The judgment of the superior court is affirmed on attorney's fees. Johns' request for attorney's fees is granted on appeal pursuant to our authority under Rule 21(c), Arizona Rules of Civil Appellate Procedure. The case is remanded to the Personnel Board via the superior court for future proceedings consistent with this opinion.

KLEINSCHMIDT and LANKFORD, JJ., concur.