282 P.3d 442

**Mary M. BLANCARTE,
Plaintiff/Appellee,**

**v.**

**ARIZONA DEPARTMENT OF TRANS-
PORTATION; Arizona State Personnel
Board; Mark Ziska, in his official ca-
pacity as member of the State Personnel
Board; Joseph C. Smith, in his official
capacity as member of the State Person-
nel Board; Patrick J. Quinn, in his offi-
cial capacity as member of the State**

Personnel Board; Jim Thompson, in his official capacity as member of the State Personnel Board; and Stella Galaviz, in her Official capacity as member of the State Personnel Board, Defendants/Appellants.

No. 1 CA–CV 11–0558.

Court of Appeals of Arizona, Division 1, Department B.

July 31, 2012.

Martin & Bonnett PLLC By Daniel L. Bonnett, Mark A. Bracken, Phoenix, Attorneys for Plaintiff/Appellee.

Thomas Home, Attorney General By Robert J. Sokol, Assistant Attorney General, Phoenix, Attorneys for Defendant/Appellant, Arizona Department of Transportation.

Ridenour Hienton & Lewis By Jeffrey A. Bernick, Scott S. Wakefield, Phoenix, Attorneys for Defendant/Appellants, Arizona State Personnel Board and its Members.

## OPINION

THUMMA, Judge.

¶ 1 In this employment termination case, we determine which of four decision makers is entitled to deference and whether the appropriate fact finder abused its discretion. Finding we owe deference to the Arizona State Personnel Board, we hold the Board did not abuse its discretion in affirming the Arizona Department of Transportation's ("ADOT") dismissal of Mary M. Blancarte from her position as an ADOT customer service representative ("CSR"). Accordingly, we reverse the superior court's decision and remand with instructions that the superior court enter judgment affirming Blancarte's dismissal.

### FACTUAL AND PROCEDURAL BACKGROUND

#### I. ADOT's Dismissal of Blancarte.

¶ 2 As an ADOT employee, Blancarte's main duties were to issue drivers' licenses, registrations and titles. ADOT dismissed her for cause after finding that (1) Blancarte behaved rudely and unprofessionally toward a Native American customer who was seeking a tribal exemption; (2) when another CSR helped that same customer, Blancarte improperly and without authority removed tribal exemption codes from ADOT records for five other vehicles owned by that customer; (3) Blancarte improperly and without authority removed or failed to enter tribal exemption codes for numerous other ADOT customers after those customers renewed their registrations; (4) Blancarte treated another Native American customer rudely after being warned not to do so and (5) Blancarte told her supervisor that, "as a private citizen," she could turn people in for failing to comply with motor vehicle laws without regard to ADOT procedures.

#### II. The Hearing Officer Report.

¶ 3 Blancarte appealed her dismissal. After an evidentiary hearing, a hearing officer appointed by the Board issued a written Hearing Officer Report, which contained proposed findings of fact, conclusions of law and recommendations. The Hearing Officer Report stated Blancarte had been rude to a Native American customer and intentionally deleted tribal exemption codes for various tribal members' vehicles. The Hearing Officer Report also stated there was confusion regarding whether a CSR could remove a tribal exemption code if the CSR suspected fraud; that a CSR has an obligation to attempt to eliminate fraud and that Blancarte, an eight-year ADOT employee, had only two minor prior disciplinary sanctions. The Hearing Officer Report concluded dismissal was grossly disproportionate to the proven offenses in light of mitigating factors. Although finding cause for discipline, the Hearing Officer Report recommended the Board reinstate Blancarte with back pay and impose the lesser sanction of an eighty-hour suspension without pay.

#### III. The Board's Decision.

¶ 4 After a hearing, the Board adopted much of the Hearing Officer Report but rejected the findings referring to the existence of mitigating factors making dismissal disproportionate to the offenses. Based on the facts, the Board concluded the disciplinary action of dismissal was not so unreasonably disproportionate to the offenses as to be arbitrary or made without reasonable cause. Accordingly, the Board denied Blancarte's appeal and upheld ADOT's dismissal decision.

#### IV. The Superior Court's Decision.

¶ 5 On Blancarte's appeal from the Board's decision, the superior court found the record fully supported the Hearing Officer Report

and "thus affirm[ed]" that "decision." The court "therefore conclude[d] ADOT's decision to terminate [Blancarte's] employment was arbitrary, capricious, and an abuse of discretion." Finding "no support" for the Board's modification of the Hearing Officer Report, the court concluded the Board's "actions were arbitrary, capricious, and an abuse of discretion." Accordingly, although affirming the finding that Blancarte should be disciplined, the superior court vacated the Board's decision affirming her dismissal, affirmed the Hearing Officer Report and ordered ADOT to impose the lesser sanction of an eighty-hour suspension without pay.

¶ 6 ADOT and the Board timely appealed the reduction in discipline. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A) (Westlaw 2012).[1]

## DISCUSSION

¶ 7 ADOT and the Board argue the superior court erred in reversing the Board's decision because Blancarte's dismissal was neither excessive nor made for reasons that are arbitrary, capricious or otherwise contrary to law. A.R.S. § 41–785(D). Applying a de novo review of the superior court's decision, we agree. Ariz. Comm. Diving Servs., Inc. v. Applied Diving Servs., Inc., 212 Ariz. 208, 211, ¶ 7, 129 P.3d 497, 500 (App.2006).

¶ 8 After ADOT dismissed Blancarte for cause, she appealed that agency decision to the Board. A.R.S. § 41–785(A). The Board then appointed a hearing officer to conduct a hearing, issue a Hearing Officer Report and "take any action in connection with the proceedings that the Board is authorized by law to take other than making the final findings of fact, conclusions of law, and order." Arizona Administrative Code ("AAC") R2–5.1–103(D) (emphasis added), (E); see also A.R.S. § 41–785(B).

¶ 9 The hearing officer held an evidentiary hearing and issued a Hearing Officer Report, which was not binding on the Board. By statute, the Board "may affirm, reverse, adopt, modify, supplement or reject" the Hearing Officer Report "in whole or in

part, . . . or may make any other disposition of the appeal allowed by law." AAC R2–5.1–103(R). "[T]he function of the hearing officer is advisory only." See Evans v. State ex rel. Ariz. Corp. Comm'n, 131 Ariz. 569, 572, 643 P.2d 14, 17 (App.1982). The Board—not the hearing officer—decides the appeal. See A.R.S. § 41–785. Accordingly, the Hearing Officer Report did not constitute final Board action subject to the superior court's review or to which any deference was owed by the court. See A.R.S. § 41–785; AAC R2–5.1–103(R). Thus, the court erred by "affirm[ing]" the Hearing Officer Report.

¶ 10 Blancarte did not file a cross appeal in this court challenging the finding that her conduct was improper and that some form of discipline was appropriate. Accordingly, as Blancarte concedes, the remaining issue is whether dismissal or some lesser discipline is appropriate, not whether any discipline was justified. Thus, the issue to be resolved is whether Blancarte's termination was disproportionate to her offenses.

¶ 11 The Board may modify ADOT's decision to terminate Blancarte for cause "only if the [B]oard finds the penalty to be disproportionate to the proven offense in light of mitigating circumstances or made for reasons that are arbitrary, capricious or otherwise contrary to law." A.R.S. § 41–785(D) (emphasis added). We will not substitute our judgment for the Board's "on whether suspension or dismissal is a more appropriate response to specific employee misconduct. The . . . Board is empowered to make decisions regarding the degree of discipline. We will not usurp such authority without a clear abuse of discretion." Johns v. Ariz. Dept. of Econ. Sec., 169 Ariz. 75, 81, 817 P.2d 20, 26 (App.1991) (citing Zavala v. Ariz. State Pers. Bd., 159 Ariz. 256, 260, 766 P.2d 608, 612 (App.1987)).

¶ 12 Substantial evidence supports Blancarte's termination for cause. Blancarte admitted she intentionally deleted tribal exemption codes for various vehicles in ADOT customer files. On one occasion, a customer became so exasperated with Blancarte that

---

1. Absent material revisions, we cite the current Westlaw version of applicable statutes.

the customer asked to deal with Blancarte's supervisor. While Blancarte's supervisor was helping that customer, Blancarte deleted that customer's tribal exemption codes without authority or direction to do so. Blancarte accused another customer of committing fraud and then was not forthcoming about the incident when she testified before the hearing officer. When given an opportunity to support her claim that a customer committed fraud, Blancarte failed to produce any evidence. Blancarte also behaved rudely and unprofessionally toward Native American customers.

¶ 13 ADOT dismissed Blancarte for cause based on her discourteous treatment of the public, willful disobedience and unauthorized use of state property on more than one occasion. Dismissal is expressly authorized for each of these violations. *See* A.R.S. §§ 41–770(A)(11), (13), (14); AAC R2–5–501.[2] Given the nature of these violations, substantial evidence supports the Board's determination that dismissal was not disproportionate to the offenses. Nor is there any evidence that the dismissal was arbitrary, capricious or otherwise contrary to law. A.R.S. § 41–785(D). We therefore conclude the Board did not abuse its discretion in affirming ADOT's decision to terminate Blancarte. *See id.; Johns,* 169 Ariz. at 81, 817 P.2d at 26.

## CONCLUSION

¶ 14 We reverse the judgment of the superior court and remand with instructions to enter judgment affirming the Board's decision affirming ADOT's dismissal of Blancarte for cause.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and JON W. THOMPSON, Judge.

---

**2.** After ADOT terminated Blancarte, A.R.S. § 41–770 was repealed and recodified, as amended, in A.R.S. § 41–773 effective May 10, 2012. *See* 2012 Ariz. Legis. Serv. Ch. 321 (H.B. 2571). We apply the statute in effect at the time ADOT terminated Blancarte.