952 P.2d 296

**CITY OF PHOENIX, a political subdivision of the State of Arizona, Plaintiff–Appellant, Cross Appellee,**

v.

**3613 LTD., an Arizona corporation, dba, the Exposé Cabaret, Defendant–Appellee, Cross Appellant,**

**Arizona State Liquor Board; Office of The Director of the Department of Liquor Licenses and Control; and Arizona Department of Liquor Licenses and Control, Defendants–Appellees.**

No. 1 CA–CV 96–0380.

Court of Appeals of Arizona, Division 1, Department D.

April 3, 1997.

Redesignated as Opinion and Publication Ordered Dec. 26, 1997.

Review Denied March 17, 1998.

Roderick G. McDougall, Phoenix City Attorney by James H. Hays, Assistant City Attorney, Phoenix, for Plaintiff–Appellant, Cross Appellee.

Harvey M. Yee, Phoenix, for Defendant–Appellee, Cross Appellant.

Grant Woods, Attorney General by Montgomery Lee, Assistant Attorney General, Phoenix, for Defendants–Appellees.

## OPINION

GARBARINO, Judge.

The Phoenix City Counsel recommended to the Arizona Department of Liquor Licenses and Control (the Department) that it deny a liquor license application filed by Elizabeth Brazee (the applicant), owner of 3613 Ltd. The City of Phoenix (the City) now appeals the judgment of the Maricopa County Superior Court affirming the Arizona State Liquor Board's (the Board) issuance of the license. The applicant cross appeals from the superior court's denial of her request for attorneys' fees.

## FACTUAL AND PROCEDURAL HISTORY

The applicant purchased a liquor license from a business formerly known as Victor's Cocktails and submitted an application to the Department for both a location and ownership transfer of the liquor license. The applicant intended to construct a building at 3613 East Van Buren and operate a topless bar to be known as Exposé Cabaret. The Phoenix City Council recommended disapproval of the application, and therefore the Board was required to hold a hearing on the application. Ariz.Rev.Stat. Ann. (A.R.S.) § 4–201(E) (Supp.1996).

The Board held its initial hearing on April 7, 1994. Pursuant to A.R.S. section 4–203(A) (Supp.1996), a liquor license can be issued only after a "satisfactory showing of the capability, qualifications and reliability of the applicant and ... that the public convenience requires and that the best interest of the community will be substantially served by the issuance." The applicant presented witnesses in support of the application. The City attempted to present only one witness, Janice Saulsberry, an owner of residential property in the area, in opposition to the issuance of the license. The Board chairman, however, refused to allow testimony from Janice Saulsberry because she had not filed a written protest within the time period allowed by statute. *See* A.R.S. § 4–201(E).

At the conclusion of the hearing, the Board approved the license by a vote of four to two. The Board determined that the applicant had met the requirements of A.R.S. section 4–203(A). The Board found that "[t]he Applicant has made a satisfactory showing of capability, qualifications, and reliability and that the public convenience requires and the best interests of the community will be satisfactorily served by the issuance of this liquor license." The license was then issued.

Meanwhile, the City requested a rehearing, alleging a number of errors including a claim that the Board had improperly denied its request to present the testimony of Janice Saulsberry. On June 2, 1994, the Board voted to allow a rehearing, but specified in its order that it was granted for the limited purpose of hearing testimony from Janice Saulsberry.

The rehearing was held on December 2, 1994, at which time the Board heard the testimony of Janice Saulsberry in opposition

to the transfer of the license to the new location. The Board deferred ruling on the location issue because the City had submitted a motion to expand the rehearing to examine newly discovered information on the background of the principals. The City had purportedly discovered new evidence of undisclosed ownership or undisclosed management of the establishment. The director of the Department joined in the request, indicating concern about the new evidence that the applicant did not have the requisite "capability, qualifications and reliability to hold a liquor license." The request for rehearing on this issue was granted.

The rehearing was held on February 2, 1995. After all of the testimony was in, the Board entertained separate motions to deny the transfer of the license as to both location and person. The Board denied both motions and affirmed its prior decision to grant the license transfer. The Board's final order concluded that the applicant had met the requirements of A.R.S. section 4–203(A) and affirmed its prior ruling.

The City filed a complaint in Maricopa County Superior Court pursuant to the Administrative Review Act, A.R.S. sections 12–901 to –914 (1992 & Supp.1996), seeking judicial review of the Board's decision. The Board chose to participate as a nominal party, taking no part in defending its decision other than to file an answer and certify the record. After reviewing the City's challenges to the Board's decision, the superior court found no basis for granting relief to the City and affirmed the administrative ruling. This appeal followed. We have jurisdiction pursuant to A.R.S. section 12–913 of the Administrative Review Act.

## ISSUES

I. Did the Board err by failing to make sufficient findings of fact to support its decision?

II. Was the burden of proof improperly shifted to the City?

III. Did the Board err by counting the vote of a board member who expressed bias during the proceedings?

IV. Did the trial court err by failing to consider the director of the Department as a separate entity apart from the Board and having the right to oppose the Board's ruling in the judicial review proceedings?

## STANDARD OF REVIEW

"When an administrative decision is appealed to the superior court pursuant to the Administrative Review Act ... the superior court decides only whether the administrative action was illegal, arbitrary, capricious or involved an abuse of discretion." *Havasu Heights Ranch and Dev. Corp. v. Desert Valley Wood Prod.*, 167 Ariz. 383, 386, 807 P.2d 1119, 1122 (App.1990). We review the superior court's judgment to determine whether the record contains evidence to support the judgment. *Id.* In doing so, we too "reach the underlying issue of whether the administrative action was illegal, arbitrary, capricious or involved an abuse of discretion." *Id.* "[W]e make our own determination of whether substantial evidence supported the agency's decision." *Id.* at 387, 807 P.2d at 1123.

## DISCUSSION

I. *Sufficiency of Factual Findings*

■ The City's first argument on appeal is that the Board's decision is defective due to its failure to make sufficient factual findings to support its decision. It points out that the Board's findings of fact merely restate the language found in A.R.S. section 4–203(A) and conclude that the requirements for issuance of the license have been met. The City contends that it was entitled to a statement of the facts supporting the Board's determination. We find that the City preserved this issue for appeal by raising it at all appropriate times during the proceedings below.

The City argues that the Board's hearing was required to be conducted in accordance with the Administrative Procedure Act, A.R.S. sections 41–1001 to –1092.11 (1992 & Supp.1996), and that the final decision of the Board violated section 41–1063 of the Act. This section provides in pertinent part:

Any final decision shall include findings of fact and conclusions of law, separately stat-

ed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

A.R.S. § 41–1063.

The applicant cites to *Arden–Mayfair, Inc. v. State, Department of Liquor Licenses and Control,* 123 Ariz. 340, 599 P.2d 793 (1979), to support her contention that hearings before the liquor board are controlled only by the provisions of the liquor control statutes rather than the provisions of the Administrative Procedure Act. In that case, the supreme court stated:

> From a review of the provisions of Title 4 dealing with the licensing, regulation, and control of alcoholic beverages, it is evident that the legislature created a specific system to carry out its objectives. The hearing procedure is a part of that system. The Court of Appeals has held that the hearing provisions of the liquor control statutes, specifically A.R.S. § 4–210E, were controlling in hearings before the liquor board rather than those provided under the Administrative Procedure Act.

> Under the hearing provisions in Title 4 the liquor board is not required to make special findings of fact and conclusions of law. This title controls on that issue; hence there was no error in the liquor board's procedure.

*Id.* at 342, 599 P.2d at 795 (citation omitted).

The City counters that section 41–1002 of the Administrative Procedure Act was added after the *Arden–Mayfair* case was decided, and provides in pertinent part:

> B. This chapter creates only procedural rights and imposes only procedural duties. They are in addition to those created and imposed by other statutes. *To the extent that any other statute would diminish a right created or duty imposed by this chapter, the other statute is superseded by this chapter, unless the other statute expressly provides otherwise.*

A.R.S. § 41–1002(B) (emphasis added).

The City argues, and we agree, that this statute affects the ruling in *Arden–Mayfair.* In view of section 41–1002(B), it is no longer valid to conclude that because the liquor control statutes contain provisions regarding hearing procedures for hearings before the liquor board, the provisions of the Administrative Procedure Act are not applicable. We must now examine the liquor control statutes to determine whether or not the Administrative Procedure Act applies to liquor board hearings.

Arizona Revised Statutes Annotated section 4–210(G) (Supp.1996), part of the statutory section governing hearings on revocation, suspension, and refusal to renew licenses, expressly provides that a hearing held for those purposes must conform to the requirements of the Administrative Procedure Act. Although the statute does not specifically mention hearings on location and ownership transfers of liquor licenses, we find that applicants, as well as their opposition, are entitled to know the specific reasons why the Board has opted to grant or deny their applications. In addition, a statement of the facts supporting the Board's decision will provide a reviewing court with insight into the Board's decision.

Arizona courts have generally encouraged agencies to make detailed findings, recognizing their value on review, but the courts have also upheld agency rulings absent findings if the evidence supports the board's decision. *See, e.g., Justice v. City of Casa Grande,* 116 Ariz. 66, 567 P.2d 1195 (App.1977); *Civil Service Comm'n of Tucson v. Livingston,* 22 Ariz.App. 183, 525 P.2d 949 (1974), *cert. denied,* 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed.2d 105 (1975). Here, the Board essentially made no findings of fact. We reverse and remand with instructions to the Board to make written findings of fact to support whatever decision it may make. Because of our disposition, we do not address the City's arguments that the Board's decision is not supported by substantial evidence and that the Board erred by prematurely issuing the liquor license.

## II. *Burden of Proof*

The City also maintains that the burden of proof was improperly shifted to the City during the February 2, 1995 rehearing. We

note that it is not the City's contention that the burden of proof was improperly shifted at the original hearing. The record reflects that by the conclusion of the initial hearing, the Board was satisfied that the applicant had sustained her burden of proof.

The City points to statements made by the Board Chairman, James Shaw, indicating that the burden of proof was on the City. Mr. Shaw stated,

It would seem in this case that the burden of proof to proceed should lie with the City of Phoenix and I'm gonna ask Mr. Hays to start our hearings to carry the burden of proof in this case of the ownership—the hidden ownership of the bar as well as anything that might be said with respect to other people that did or did not testify here.

The City also points to statements made by one of the Board members, Jim Tidwell, that seem to imply that the burden of proof should be on the City. Mr. Tidwell stated,

I also feel, although I voted against this license the license was granted, the burden of proof rests on the person trying to change the status quo. The status quo is that this applicant has a license. The person that's trying to change the status quo is the City and the Department, not based on location—that was decided long ago—based on newly discovered evidence that would go [to] the character, capability and reliability of the witness.... Disregard Janice Saulsberry, disregard the location argument, get on with what got us here to begin with and that's whoever this unknown/undisclosed owner is.

Arizona Revised Statutes Annotated section 4–201(G) (Supp.1996) clearly states that "[i]n all proceedings before the ... board, the applicant bears the burden of showing that the public convenience requires and that the best interest of the community will be substantially served by the issuance of a license." We disagree, however, with the City's interpretation of the record that the Board unlawfully shifted the burden during the final rehearing.

The purpose of the February 2, 1995 rehearing was to allow the City to present additional evidence. It is the City's contention that by advising it to go forward or to proceed with its evidence, the Board shifted the burden to the City. We believe that the Board was merely directing the City to present its additional evidence. We find no unlawful shifting of the burden of proof to the City. In addition, the Board's vote on each motion was couched in language reflecting that the applicant bore the burden of establishing what the statutes required.

### III. Alleged Bias of Board Member

The City argues that it is entitled to have Mr. Tidwell disqualified because he prejudged the case. At the initial hearing, Mr. Tidwell voted to deny the license because of the type of establishment involved. He indicated that he had never voted to give a topless bar a liquor license. However, Mr. Tidwell ultimately voted in favor of granting the license.

"To show disqualifying prejudgment, a claimant must demonstrate that the mind of the decision maker is 'irrevocably closed' on the particular issues being decided." *Havasu Heights*, 167 Ariz. at 387, 807 P.2d at 1123 (citing *Federal Trade Comm'n v. Cement Institute*, 333 U.S. 683, 701, 68 S.Ct. 793, 803, 92 L.Ed. 1010 (1948)). Mr. Tidwell's vote in favor of granting the liquor license evidences that his mind was not "irrevocably closed" and that his disqualification was not warranted.

The City also argues that Mr. Tidwell's final vote was based on his misunderstanding of the department's application process and hearing procedures. The City points to the following statements as evidence of Mr. Tidwell's confusion and bias:

Candidly and controversially I have never voted for a liquor license, nor did I for this one, for an adult entertainment establishment. I didn't vote against it because of person, I didn't vote against it because of location. I voted against it because it's an adult entertainment establishment. And there's no law that says that you can't have one. Just the fact that I'm wrong doesn't mean that I can't indulge myself from having never voted for one of Mr. Yee's clients. However, I will have to say in

sitting here the last three and a half hours—

. . . .

—the City attorney has done something that Mr. Yee has never been able to do and may never again. The City attorney has convinced me, based on the presentation of this case, to vote for the applicant.

. . . .

I am really appalled at this coming before the Board. The proper thing should have been—and the light went on when we went through these postponements? Is there any evidence there? Why hasn't discovery been answered? This is a very weak case. If there had been a strong case, *the license would have been or should have been revoked.* At that time, then, Mr. Yee would have the option to come back and appeal the revocation of the license.

This board is being used to make a decision that the State nor the City are willing to bellyup to the bar and do. And I'll tell you why they're doing it. They knew they had a weak case. And because of the rules of evidence, *the burden of proof was much lower in this format than any other format. It would have required a higher level of evidence and burden of proof if it had gone to an appeal.*

. . . .

*I think this kind of an administrative hearing with the definition of substantial evidence does not require as much as an outright revocation of a liquor license.*

(Emphasis added.) Mr. Tidwell went on to state that he did not find the witnesses to be credible and that such credibility problems are "typical of this kind of business." The City points out that the first underlined statement above suggests an action that is contrary to law and that the second and third underlined passages are incorrect statements of the law.

■ Although we believe his remarks to be inappropriate, we do not find that they require his disqualification. In addition, we find that Mr. Tidwell's lack of understanding of department and hearing procedures was immaterial and does not require his disqualification. Whether or not Mr. Tidwell's dis-

pleasure with the City was justified, his vote indicates a finding that the applicant had met her statutory burden of proof.

## IV. *Role of Director*

■ Finally, we address the City's contention that the superior court erred by failing to rule that the director of the Department is a separate entity and is entitled to oppose a ruling of the Board on appeal. We find no merit to this contention.

At the rehearing stage, the director agreed with the City's request that the Board deny the application on the basis of the applicant's qualifications. The director is allowed to advocate a position to the Board. *See* A.R.S. § 4–201(E). However, the Board is empowered to grant or deny applications, and its final decision represents the official position of the Department. *See* A.R.S. § 4–112(A)(1) (1995). We agree with the trial court that the director and the Board are not separate entities. The director is not at liberty to take a contrary position in a judicial review proceeding.

In addition, the record does not disclose that it was the director's wish that the superior court reverse the Board's decision. Assuming *arguendo* that the director does have a right to advocate a position contrary to the Board on review and wished to do so, the right belongs to the director and not to the City. The City is without standing to argue on the director's behalf.

### CROSS APPEAL

On cross appeal, the applicant argues that the superior court erred by failing to grant her request for attorneys' fees pursuant to A.R.S. section 12–348 (1992). We disagree.

■ Section 12–348 authorizes an award of attorneys' fees under certain circumstances when a party prevails in litigation against the state or a city, town or county. Subsection (D) of this statute requires the party to apply for the fees as follows:

D. A party may apply pursuant to the applicable procedural rules for an award of attorney fees and other expenses authorized under this section and shall include as part of the application evidence of the

party's eligibility for the award and the amount sought, including an itemized statement from the attorneys and experts stating the actual time expended in representing the party and the rate at which the fees were computed. .

A.R.S. § 12–348(D).

The superior court made its ruling affirming the Board's decision on April 29, 1996, after which the City lodged a formal judgment to be approved and signed by the superior court. The applicant did not file the application for attorneys' fees anticipated by A.R.S. section 12–348(D). After reviewing section 12–348(D) and the applicable procedures, we conclude that the superior court had no basis to award attorneys' fees, and the applicant has no basis for complaining about the ruling on cross appeal.

## CONCLUSION

We reverse the judgment of the superior court upholding the Board's decision to grant the liquor license because the Board did not provide adequate findings of fact supporting its decision. We remand with instructions that the Board make the necessary findings to support whatever decision it may make. Concerning the cross appeal, we find no error in the superior court's failure to award attorneys' fees.

THOMPSON, P.J., and LANKFORD, J., concur.