218 P.3d 1056

**Felicia M. COPLAN, Licensed Real Estate Appraiser No. 10537, Plaintiff/Appellee,**

**v.**

**ARIZONA STATE BOARD OF APPRAIS-AL; Deborah G. Pearson, in her capacity as Executive Director of the Arizona State Board of Appraisal, Defendants/Appellants.**

No. 1 CA–CV 08–0545.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 22, 2009.

Sacks Tierney, PA By Tina M. Ezzell, Gaye L. Gould, Scottsdale, Attorneys for Plaintiff/Appellee.

Arizona Attorney General's Office By Jeanne M. Galvin, Phoenix, Attorneys for Defendants/Appellants.

## OPINION

HALL, Judge.

¶ 1 This appeal requires us to decide whether the superior court applied an improper standard of review when it found that a sanction imposed by the Arizona State Board of Appraisal (Board) in a license disciplinary matter was "so disproportionate to the offense as to shock one's sense of fairness" in determining that it was excessive. *See Schillerstrom v. State*, 180 Ariz. 468, 471, 885 P.2d 156, 159 (App.1994) (applying this standard in reviewing an administrative action). For the reasons expressed by the Arizona Supreme Court in *Maricopa County Sheriff's Office v. Maricopa County Employee Merit System Commission*, 211 Ariz. 219, 119 P.3d 1022 (2005), we conclude that it did. Further, based on our independent review, we are unable to conclude that the Board's action "is not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion." Ariz.Rev.Stat. (A.R.S.) § 12–910(E) (2003). Accordingly, we reverse the superior court and reinstate the Board's disciplinary order.

## FACTS AND PROCEDURAL HISTORY

¶ 2 After a formal hearing held before the Office of Administrative Hearings, the Board concluded that Felicia Coplan violated A.R.S. § 32–3631(A)(6) and (A)(7) (2008) and various Uniform Standards of Professional Appraisal Practice provisions. The Board placed Coplan's license on probation for a minimum of twelve months with terms and conditions that included: (1) successful completion of twenty-two hours of continuing education in addition to the continuing education hours required for license renewal; and (2) completion of at least twenty-four appraisals under the supervision of an Arizona Certified Resi-

dential or Certified General Appraiser who would serve as Coplan's mentor.

¶ 3 Coplan timely requested a rehearing, which the Board denied. She then timely appealed to the Mohave County Superior Court for judicial review of the Board's decision pursuant to A.R.S. § 12–904 (2003). The superior court issued a minute entry order overturning two of the Board's factual findings for lack of substantial evidence and opining that the remaining violations "appear to be technical in nature." The court remanded the matter to the Board "for a determination of discipline in accordance with those findings and violations upheld on appeal, further taking into consideration those findings and violations that have been overturned on appeal." Neither party appealed the superior court's decision.

¶ 4 Upon reconsideration of the case in light of the superior court's decision, the Board issued an amended order. The amended order reduced the number of continuing education hours required from twenty-two to fifteen and the number of mentored appraisals required from twenty-four to twelve. In addition, the amended order allowed Coplan to petition for termination of her probation after just three months. Coplan again filed for judicial review in the superior court.

¶ 5 In the second appeal, the court, relying on *Schillerstrom,* found the sanctions "shocking to one's sense of fairness" and reduced the term of probation from twelve to six months, with the possibility of early termination after four months if Coplan completed the requirements. It also reduced the continuing education hours from fifteen to twelve and allowed those hours to count toward the hours required for license renewal. In addition, it reduced the number of appraisals Coplan had to submit to the Board from twelve to four and, rather than have Coplan work with a mentor on those appraisals, it ordered the Board to act as a peer review committee or to appoint another appraiser as its agent to conduct a peer review. The superior court also awarded Coplan $22,735 in attorneys' fees as follows: $10,000 in attorneys' fees for the administrative hearing under A.R.S. § 41–1007 (2004), $3,285 for

the first judicial review, and $9,450 for the second judicial review, both based on A.R.S. § 12–348(A)(2) (2003).

¶ 6 The Board filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. §§ 12–913 and –2101(B) (2003).

## DISCUSSION

¶ 7 In *Maricopa County Sheriff's Office,* the supreme court considered the standard of review used by the Maricopa County Employee Merit System Commission in reviewing sanctions imposed by an appointing authority on a merit system employee. 211 Ariz. at 221, ¶ 10, 119 P.3d at 1024. The standard, specified in Maricopa County Employee Merit System Rule 10.16, is that the Commission must affirm the sanction imposed unless it is "arbitrary or taken without reasonable cause." In *Maricopa County v. Gottsponer,* 150 Ariz. 367, 372, 723 P.2d 716, 721 (App.1986), this court had interpreted that standard as providing that the Commission must uphold the penalty imposed by the appointing authority unless it determines that it is "so disproportionate to [the employee's] offense as to be shocking to a sense of fairness." In *Maricopa County Sheriff's Office,* the court concluded that the "shocking" test is not an apt characterization of the standard of "arbitrary or taken without reasonable cause" and should not be applied because it does not embody the deference that the Commission must give to the decision of the employee's appointing authority; rather, it invites the Commission to substitute its judgment for that of the employer through consideration of what shocks the consciences of the members of the Commission. 211 Ariz. at 223–24, ¶ 21, 119 P.3d at 1026–27. Because the discipline (termination) imposed by the Maricopa County Sheriff's Office fell within the permissible range, the supreme court found that it was neither arbitrary nor taken without unreasonable cause. *Id.* at 222–23, ¶ 16, 119 P.3d at 1024–25. "Only in a rare situation can a punishment be found arbitrary when it falls within the permissible range." *Id.* at 222 n. 6, ¶ 16, 119 P.3d at 1024 n. 6 (noting that arbitrariness could arise "when similarly situated employees receive different sanctions

for the same offense" and that "on admittedly rare occasions, a punishment could be so unreasonably disproportionate to the offense as to be arbitrary and without reasonable cause").

¶ 8 The standard of review that applies to judicial review of an administrative agency action pursuant to the Administrative Review Act (ARA), A.R.S. §§ 12–901 to –914, requires the superior court to affirm the agency action unless "the court concludes that the action is not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12–910(E). As explained by the supreme court in *Maricopa County Sheriff's Office,* the "shocking" inquiry was a "well-intentioned" but "imprecise attempt at further defining the 'arbitrary and without reasonable cause' standard." 211 Ariz. at 223, ¶ 20, 119 P.3d at 1026. We similarly perceive that the "shocking" inquiry is an imprecise attempt to define the "arbitrary and capricious" or "abuse of discretion" standard in § 12–910(E). We therefore conclude that a superior court exceeds its authority when it substitutes its judgment for that of the agency through application of the "shocking to one's sense of fairness" test on appeal from an agency action pursuant to the ARA. Instead, when reviewing an agency action pursuant to the Act, a superior court must apply the deferential standard set forth in A.R.S. § 12–910(E).

¶ 9 Having determined that the superior court applied an improper and insufficiently deferential standard of review, we now proceed to independently review the Board's action. *Pima County v. Pima County Merit System Comm'n,* 189 Ariz. 566, 569, 944 P.2d 508, 511 (App.1997). The Board is exclusively authorized to decide the penalty for violations of the appraisal statutes. A.R.S. §§ 32–3605(B)(12), –3631(A) (2008). The Board's Policy Statement # 1 describes five levels of violations and suggests types of sanctions for each of the five levels. The Board found Coplan guilty of a Level III violation, and the superior court affirmed that finding. It is undisputed here that the discipline imposed by the Board (probation with education, mentorship, and practice restrictions) fell within the suggested range for a Level III violation.

¶ 10 Coplan nonetheless argues that the findings of the Board that were upheld during her first appeal do not qualify as Level III violations,[1] but are lesser Level II violations for which the recommended resolution is a "letter of remedial action" or a "letter of due diligence." We find this argument unavailing. First, the resolutions set forth in the chart in the Policy Statement for each infraction level are simply recommendations; the Policy Statement provides: "The Board is not limited by these guidelines and the Board may select any combination; of resolutions found in this chart...." Second, because Coplan did not file a cross-appeal, we could not in any event further reduce the sanctions imposed by the superior court. *See* ARCAP 13(b)(3) ("The appellate court may direct that the judgment be modified to enlarge the rights of the appellee or to lessen the rights of the appellant only if the appellee has cross-appealed seeking such relief."). Third, even assuming that we could consider this issue as an alternative basis upon which to affirm the reductions in sanctions ordered by the superior court,[2] we would decline to do so.

1. Although Coplan is barred from appealing the court's findings that she committed the errors upheld by the court in the first appeal because she did not appeal that order to this court, the categorization of the errors is an appropriate subject for this appeal. The superior court stated in the first appeal only that "many of the violations appear to be technical in nature" (emphasis deleted) and remanded the case to the Board. It was only in the second appeal that the superior court explicitly concluded that the Board had not erred in finding Level III violations.

2. As explained in the State Bar Committee Note regarding the 1992 amendment to Rule 13(b)(3):

   The new rule changes prior Arizona law by now allowing affirmance, without a cross-appeal, upon a ground which could also suggest an enlargement of the appellee's right or a lessening of the appellant's rights from what is provided in the judgment of the superior court. The appellate court may now affirm a judgment on such ground, but the judgment may not actually be modified to improve the appellee's rights unless the appellee has also taken a cross-appeal.

¶ 11 Level III is described as follows: "Violations found with substantial errors or a series of errors that in the aggregate may affect the credibility of the assignment. Minor violations of ethics and/or competency may be found. Violations found rise to the level of affecting the credibility of the assignment." By way of contrast, Level II violations "do not involve ethics or competency." Thus, as long as the violations involve either ethics or competency, the Board did not abuse its discretion in finding they constituted Level III violations. We determine that some of the violations that were left in place by the superior court involve ethics and competence. For instance, in one of the appraisals at issue, Coplan had valued a garage at $25 per square foot yet had valued finished, air-conditioned living space in the dwelling at $10 per square foot. Although Coplan maintains the discrepancy is legitimate based on the different methodologies used in making the two valuations, the Board's expert testified that an appraisal that values garage space at $25 per square foot and dwelling space at $10 per square foot is not a credible appraisal. In another case, Coplan failed to document in her work file for the market rent and gross rent multiplier stated in her report, violating an ethical rule related to recordkeeping. We conclude, therefore, that the superior court did not err in upholding the Board's findings that Coplan committed errors amounting to Level III violations.

¶ 12 Because the sanctions awarded by the Board are consistent with those that are recommended for Level III violations, we perceive no basis for determining that the discipline imposed by the Board was contrary to law, was arbitrary and capricious, or was an abuse of discretion. *See Maricopa County Sheriff's Office*, 211 Ariz. at 222–23 n. 6, ¶ 16, 119 P.3d at 1025–26 n. 6; *see also Taylor v. Ariz. Law Enforcement Merit Sys. Council*, 152 Ariz. 200, 207, 731 P.2d 95, 103

(App.1986) ("The determination of the penalty imposed by an administrative body will not be disturbed unless there has been a clear abuse of discretion.").[3]

¶ 13 Finally, the Board requests that we vacate the portions of the superior court's attorneys' fees award attributable to the administrative hearing ($10,000) and the second judicial review ($9,450). The Board does not contest that portion of the award allocable to the first judicial review ($3,285), from which it did not appeal. The fee award for the administrative hearing was based on A.R.S. § 41–1007(A), which requires that a prevailing party in an appealable agency action be awarded its attorneys' fees. Given our determination to uphold the Board's disciplinary order entered following the first judicial review, Coplan is not the prevailing party. Therefore, we vacate that award. Similarly, the portion of the award attributable to the second judicial review was based on A.R.S. § 12–348(A)(2) (2003), which provides that "a court shall award fees … to any party other than this state or a city, town or county which prevails by an adjudication on the merits" in a court proceeding brought under the ARA. Accordingly, we also vacate that portion of the award and deny Coplan's request for fees on appeal.

## CONCLUSION

¶ 14 The order of the superior court modifying the sanctions imposed by the Board is reversed and the Board's disciplinary order entered following the first judicial review is reinstated. We further vacate the portion of the attorneys' fees award to Coplan attributable to the administrative hearing and the second judicial review.

CONCURRING: JON W. THOMPSON and DANIEL A. BARKER, Judges.

---

*See also Roberts v. State*, 179 Ariz. 613, 618, 880 P.2d 1159, 1164 (App.1994) (discussing the application of the rule).

**3.** Coplan raises various other claims that are either not supported by the record or could have been but were not raised in her first judicial appeal and are therefore precluded. *See Bike*

*Fashion Corp. v. Kramer*, 202 Ariz. 420, 425, ¶ 20, 46 P.3d 431, 436 (App.2002) ("'[I]ssues that 'should have been raised on the first appeal may not be presented to nor considered by this court on the second appeal.' ") (quoting *Hurst v. Hurst*, 1 Ariz.App. 227, 229, 401 P.2d 232, 234 (1965)).