IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

BRIAN BERNDT, a single man, *Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF CORRECTIONS, an agency of the State of
Arizona; ARIZONA STATE PERSONNEL BOARD, an agency of the State
of Arizona; CHARLES L. RYAN, in his capacity as Director of the Arizona
Department of Corrections, *Defendants/Appellees*.

No. 1 CA-CV 14-0622
FILED 12-3-2015

---

Appeal from the Superior Court in Maricopa County
No. LC2013-000653-001
The Honorable Crane McClennen, Judge

**REVERSED AND REMANDED WITH INSTRUCTIONS**

---

COUNSEL

Bihn & McDaniel, PLC, Phoenix
By Martin A. Bihn, Donna M. McDaniel
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Michelle Kunzman, Mark Brnovich
*Counsel for Defendant/Appellee Arizona Department of Corrections*

Jackson Lewis, P.C., Phoenix
By Jeffrey A. Bernick
*Counsel for Defendant/Appellee Arizona State Personnel Board*

---

**OPINION**

---

Presiding Judge Kenton D. Jones delivered the Opinion of the Court, in which Judge Peter B. Swann joined and Judge Samuel A. Thumma joined in part and dissented in part.

---

**J O N E S**, Judge:

**¶1**　　　　Brian Berndt appeals the superior court's order on appeal affirming his termination as a corrections officer with the Arizona Department of Corrections (Department). The Arizona State Personnel Board (Board) had determined allegations of sexual harassment and insubordination against Berndt were unfounded, classified Berndt's actions as horseplay, a less serious offense, and ordered the discipline reduced to an eighty-hour suspension. The Department rejected the Board's decision, and the parties now dispute whether the Department was authorized to do so.

**¶2**　　　　To resolve the issue we interpret Arizona Revised Statutes (A.R.S.) section 41-783,[1] governing the administrative review of disciplinary actions involving covered State employees, in light of A.R.S. § 38-1101(K) (Supp. 2013),[2] governing administrative review of d5isciplinary actions involving law enforcement officers. Reading the statutes together, we hold that when the employee at issue is a law enforcement officer, the statutes (1) authorize the employing agency to amend, modify, reject, or reverse the Board's decision only upon a finding that it is arbitrary and capricious, and

---

[1]　　　　Absent material changes from the date of Berndt's termination in July 2013, we cite a statute's current version unless otherwise noted. *See Blancarte v. Ariz. Dep't of Transp.*, 230 Ariz. 241, 245 n.2, ¶ 13 (App. 2012) (applying the statute in effect at the time the state employee was terminated).

[2]　　　　While relevant to these proceedings, this section was repealed effective January 1, 2015 and recodified at A.R.S. § 38-1106(H). 2014 Ariz. Sess. Laws ch. 240, §§ 4, 8 (2d Reg. Sess.). Although there have been no material changes to the statute, within this decision we refer to the version of Title 38, Chapter 8 of the Arizona Revised Statutes in effect at the time of Berndt's termination.

(2) require the employing agency to provide an explanation for the amendment, modification, rejection, or reversal of the Board's decision. Because the Department did not comply with either requirement, we reverse the judgment of the superior court and remand to the superior court with instructions to enter an order reversing the Department's termination of Berndt's employment and reinstating the disciplinary sanctions ordered by the Board.

## FACTS AND PROCEDURAL HISTORY

**¶3** In October 2007, Berndt began working as a corrections officer II at the Department's state prison in Tucson. In June 2013, the Department issued Berndt a notice of charges citing an incident in which he was observed twisting his nipples in the presence of several other staff members. The Department alleged Berndt's actions violated its policies against sexual harassment[3] and insubordination[4] and warranted discipline. In response, Berndt explained another officer had licked his lips at him as a joke, and Berndt responded by rubbing his nipples; however, he denied the gesture was sexually explicit or violated any applicable standard of conduct. The Department then determined that, by denying any wrongdoing while admitting he engaged in the reported conduct, Berndt committed an additional offense of dishonesty. The Department thereafter terminated Berndt's employment in July 2013.

**¶4** Berndt appealed the termination to the Board. Following an evidentiary hearing, a hearing officer issued proposed findings of fact and conclusions of law that were later adopted by the Board. The Board determined the Department had failed to prove the material facts upon which the discipline was based by a preponderance of the evidence. Specifically, it found no support for the Department's claims that: (1) Berndt's actions were sexually explicit, (2) Berndt lied about his behavior,

---

[3] Department Order 501 describes sexual harassment as "[v]erbal or physical conduct of a sexual nature in the work place imposed upon any employee as a condition of employment or creating a sexually intimidating, hostile or offensive work environment."

[4] Pursuant to a statewide human resources bulletin issued by the Arizona State Personnel System in September 2012, "'[i]nsubordination' means the knowing refusal or failure to obey an order or a directive, given by a person in authority," and also includes "failure or refusal to perform the employee's job duties as assigned [and] the failure or refusal to follow laws, rules, policies, guidelines and procedures."

or (3) Berndt willfully or intentionally refused to obey any specific direction from his employer. The Board also found evidence the Department acted arbitrarily and capriciously in terminating Berndt because it had made "no real effort" to locate, question, or discipline the other officer allegedly engaged in the purported misconduct. The Board noted the record contained an internal human resources document from the Department authorizing Berndt's termination the same day he was issued the notice of charges and before he had an opportunity to respond.

¶5 The Board concluded the Department failed to prove the charges against Berndt by a preponderance of the evidence and that Berndt's behavior "would more properly fall into the category of 'horseplay.'" Relying upon the Department's established policy to implement progressive discipline in the case of less serious acts of misconduct,[5] the Board ordered Berndt be reinstated to his previous position and the sanction be reduced to an eighty-hour suspension without pay.

¶6 In December 2013, the Department advised Berndt it was "rejecting the Board's recommendation in its entirety and upholding the dismissal action," offering no explanation for its decision. Berndt appealed to the superior court, arguing the Department's decision was arbitrary and capricious, not supported by the evidence, and constituted an unlawful procedure.

¶7 On appeal, the superior court determined the matter was governed by A.R.S. § 41-783(E), which does not require the Department to state reasons for accepting, modifying, or rejecting the Board's decision. Granting deference to the Department as the final decision-maker under A.R.S. § 41-783(E), the superior court declined to "second-guess" the Department's decision to terminate Berndt and affirmed.

---

[5] The Department's Employee Handbook states that while "[g]rave acts of misconduct may warrant dismissal of an employee without previous counseling, warning, reprimand or other discipline," "less serious acts of misconduct may warrant the use of progressive discipline to give the employee a chance to reform [his] conduct."

¶8        Berndt timely appealed.[6]  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(1), and 41-783(G).

**DISCUSSION**

**I.        Corrections Officers Employed by the State of Arizona are Entitled to the Protections of Title 38.**

¶9        Berndt first contends the superior court erred in failing to apply the rules contained in Title 38, Chapter 8, of the Arizona Revised Statutes, governing the rights and responsibilities of law enforcement officers.  *See* A.R.S. §§ 38-1101 to -1104 (Supp. 2013).  Pursuant to A.R.S. § 38-1101(K):

> [A]n employer . . . may amend, modify, reject or reverse a decision made by a hearing officer, administrative law judge or appeals board after a hearing . . . if the decision was [(1)] arbitrary or without reasonable justification and [(2)] the employer or person acting on behalf of the employer states the reason for amendment, modification, rejection or reversal.

This section applies to law enforcement officers, specifically including "[a] detention officer or corrections officer, other than a probationary employee, who is employed by this state."  A.R.S. § 38-1101(P)(4)(b).

¶10        The Department contends Title 41, Chapter 4, governing employment of state personnel generally is more recent and therefore trumps the application of A.R.S. § 38-1101.  The provisions of Title 41, Chapter 4, apply to "a covered employee," specifically including "an

---

[6]        The Board asks us to determine whether: (1) it is a necessary party to an employee's appeal from the final decision of the employing agency on a disciplinary matter, and (2) the Board is within its authority to hear appeals from law enforcement officers subject to the requirements of Title 38. Because these issues were not decided by the superior court and are entirely unrelated to those identified by Berndt within his notice of appeal and opening brief, we decline to consider them, particularly where, as here, the Board has not filed a notice of cross-appeal. *See Maricopa Cnty. v. Ariz. Corp. Comm'n*, 79 Ariz. 307, 310 (1955) ("In the absence of a cross-appeal the appellee can defend only as to the items allowed below and cannot present rejected claims."); *Progressive Specialty Ins. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 1985) (declining request to provide guidance on principles of law unnecessary in settling the rights of the litigants).

employee who . . . [b]efore September 29, 2012 is in the state service [and] is employed as a . . . correctional officer II . . . and has remained in covered status without a break in service since that date."[7]  A.R.S. §§ 41-741(5)(b), -783(A).  Of greatest import to the Department, A.R.S. § 41-783(E), if controlling, does not place any restrictions upon, or require the employer to provide any explanation for, its acceptance, modification, or rejection of the Board's decision following review of the termination of a covered employee.

¶11        We review questions of statutory interpretation *de novo.  See In re Estate of Riley*, 231 Ariz. 330, 332, ¶ 9 (2013).  The basic principles of statutory interpretation are well-established:

> If a statute is unambiguous, we apply its terms without resorting to other tools of statutory interpretation, unless doing so leads to impossible or absurd results. . . . And when statutes relate to the same subject matter, we construe them together as though they constitute one law and attempt to reconcile them to give effect to all provisions involved.

*Fleming v. Dep't of Public Safety*, 237 Ariz. 414, 417, ¶ 12 (2015) (citing *Bell v. Indus. Comm'n*, 236 Ariz. 478, 480, ¶ 7 (2015), and *Orca Commc'ns Unlimited, L.L.C. v. Noder*, 236 Ariz. 180, 182, ¶ 9 (2014)) (internal quotations omitted).  Only if two statutes truly conflict do we apply the more recent or more specific provision and disregard the other.  *Baker v. Gardner*, 160 Ariz. 98, 101 (1988) (citing *Pima Cnty. v. Heinfeld*, 134 Ariz. 133, 136 (1982), and *State v. Davis*, 119 Ariz. 529, 534 (1978)).

¶12        Although A.R.S. §§ 38-1101(K) and 41-783(E) differ, we find no conflict prohibiting the reasonable application of both or that would

---

[7]        The Department suggests *Arden-Mayfair, Inc. v. State, Dep't of Liquor Licenses & Control*, 123 Ariz. 340 (1979), *superseded by statute as recognized in City of Phx. v. 3613 Ltd.*, 191 Ariz. 58, 60-61 (App. 1997), supports this position.  We do not find *Arden-Mayfair* persuasive on this point.  There, our supreme court concluded the Administrative Procedure Act (APA), A.R.S. §§ 41-1001 to -1092.12, was the "general comprehensive statute," and hearings before the liquor board were controlled, instead, by the specific provisions of Title 4 dealing with the licensing, regulation, and control of alcoholic beverages.  *Id.* at 342.  Although we need not reach the issue, *Arden-Mayfair* supports a finding that Title 38, Chapter 8, dealing specifically with law enforcement officers, is the more specific statutory scheme.

otherwise require one to be applied to the exclusion of the other. As a covered employee within the meaning of A.R.S. § 41-741(5)(b), Berndt is entitled to appeal his termination under A.R.S. § 41-783(E). As a law enforcement officer within the meaning of A.R.S. § 38-1101(P)(4)(b), however, Berndt is afforded additional statutory protections — namely, restrictions upon the circumstances under which the employing agency may reject the Board's decision — which are not contained in Title 41. *See* A.R.S. § 38-1101(K).

**¶13** While we need not consider the legislative history or purpose of A.R.S. § 38-1101(K) to effectuate its plain language, *see Fleming*, 237 Ariz. at 417, ¶ 12, our conclusion is bolstered by the legislature's apparent intention, in adopting a separate set of statutes to address the rights, responsibilities, and protections afforded law enforcement officers, that disciplinary actions against these specifically delineated employees be subject to greater scrutiny. Moreover, we presume "the legislature, when it passes a statute, knows the existing laws." *Daou v. Harris*, 139 Ariz. 353, 357 (1984) (citing *Ariz. State Bd. of Dirs. for Junior Colleges v. Phx. Union High Sch. Dist. of Maricopa Cnty.*, 102 Ariz. 69, 72 (1967)). We find no indication within the language, history, or purpose of the statutes that the legislature intended to exclude corrections officers from the enhanced protections of Title 38 when it enacted Title 41. To the contrary, the legislature has not limited those persons included within the definition of "law enforcement officer" despite numerous amendments to Title 38 in 2014 — after A.R.S. § 41-783(E) was enacted. *See* 2014 Ariz. Sess. Laws 240. Nor has the legislature suggested corrections officers be excluded from Title 38 in the current wave of proposed reform. *See* S.B. 1467, 52d Leg., 1st Reg. Sess. (Ariz. 2015) (proposing to expand requirements placed upon employers relating to administrative investigations of law enforcement officers subject to termination of their employment). And, the legislature has specified that the rights and duties of Title 41, Chapter 4 are intended to add to — not take away from — those created and imposed by other statutes. A.R.S. § 41-1002(A)-(B); *see also 3613 Ltd.*, 191 Ariz. at 60-61 (imposing additional procedural requirements of the APA to hearings before the liquor board, which are otherwise specifically addressed within Title 4).

**¶14** The Department's reliance upon A.R.S. § 41-1830.16, which provides a mechanism for appeal from a disciplinary proceeding against a full authority peace officer,[8] is likewise unavailing. No one argues Berndt

---

[8] "'Full authority peace officer' means a peace officer whose authority to enforce the laws of this state is not limited by the rules adopted by the

is a full authority peace officer and, therefore, that statute has no application here.

**¶15** Accordingly, we hold that because Berndt was employed as a law enforcement officer within the meaning of A.R.S. § 38-1101(P)(4)(b), the Department could reject the Board's decision only if it: (1) found the Board's action was arbitrary and capricious, and (2) provided reasons for its rejection, as set forth in A.R.S. § 38-1101(K). The Department did not comply with either requirement and thereby erred in rejecting the Board's decision.

## II. The Board Did Not Act Arbitrarily or Capriciously in Reducing the Sanction to an Eighty-Hour Suspension.

**¶16** The Department urges us to remand the matter to allow it to explain its rejection of the Board's decision and termination of Berndt. *See, e.g., Caldwell v. Ariz. State Bd. of Dental Exam'rs*, 137 Ariz. 396, 401 (App. 1983) (noting "[r]emand to an administrative agency or board is appropriate where the agency has been found to have violated a statutory procedural requirement"). However, we decline to do so where it is apparent as a matter of law that the Board's decision was not arbitrary and capricious, and therefore, the Department was without discretion to reject it. *See Levandoski v. Ford*, 52 Ariz. 454, 459 (1938) ("To remand the case . . . when it is clear that another trial would disclose the situation now before us would be requiring a futile thing and courts do not take actions of this character.").

**¶17** In arriving at that conclusion, we are mindful that a punishment will rarely be found arbitrary when it falls within the permissible range. *See Coplan v. Ariz. State Bd. of Appraisal*, 222 Ariz. 599, 601-02 (App. 2009) (citing *Maricopa Cnty. Sheriff's Office v. Maricopa Cnty. Emp. Merit Sys. Comm'n*, 211 Ariz. 219, 222 n.6, ¶ 16 (2005)). Both Berndt and the Department rely upon the range of options provided by the chart of disciplinary sanctions adopted by the Department in advancing their arguments. Relevant to Berndt's position within the chart, the Board found the facts proven by the Department amounted to horseplay, a class three offense. Relying upon information reported by the Department, the Board further found this to be Berndt's second class three offense. The Board rejected the only potential aggravating factor, a prior history of discipline, because the most recent incident remained subject to a pending grievance

Arizona peace officer standards and training board." A.R.S. § 41-1380.16(H)(4).

procedure. Applying the Department's rules and policies — which the Board noted the Department was obligated to follow — the Board ordered Berndt receive the maximum penalty designated within the chart of disciplinary sanctions for a second class three offense: an eighty-hour suspension. Accepting the Board's findings of fact and conclusions of law,[9] the imposition of an eighty-hour suspension is both a reasonable response to Berndt's conduct and within the recommended range.

**¶18** This conclusion is supported by additional findings of the Board suggesting the Department's decision to terminate Berndt was arbitrary and capricious. First, the Board noted the Department "made no real effort . . . to locate, question, nor discipline" the officer involved in the events giving rise to Berndt's termination. *See Maricopa Cnty. Emp. Merit Sys.*, 211 Ariz. at 222 n.6, ¶ 16 ("Arbitrariness can arise . . . when similarly situated employees receive differing sanctions for the same offense.") (citing *Pinal Cnty. v. Pinal Cnty. Emp. Merit Sys. Comm'n*, 211 Ariz. 12, 18, ¶ 18 (App. 2005)). Second, the Department authorized Berndt's termination the very same day it issued the notice of charges. Doing so violated specific Department policy, whereby the employee has the right to provide a written response to the notice of charges and the Department is instructed to consider that response prior to making a decision to impose discipline. Where it does not permit the fact finding process to run its course before making a decision, the Department impermissibly acts as judge and jury without the benefit of a meaningful appeal, thereby eviscerating any real opportunity for Berndt to be heard regarding the alleged misconduct before a predetermined sanction is imposed. *See Comeau v. Ariz. State Bd. of Dental Exmn'rs*, 196 Ariz. 102, 106-07, ¶ 20 (App. 1999) (noting due process requires "the opportunity to be heard at a meaningful time and in a meaningful manner") (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)) (internal quotations omitted); *Deuel v. Ariz. State Sch. for Deaf & Blind*, 165 Ariz. 524, 526 (App. 1990) (recognizing continued employment with a state agency is a constitutionally protected property interest triggering a procedural due

---

9 The Department argued both within its brief and in oral argument that it rejected only the level of discipline imposed by the Board. This position is inconsistent with the Department's ten-page objection to the hearing officer's findings of fact and conclusions of law. Nevertheless, based upon this concession, we accept the findings and conclusions adopted by the Board as undisputed, and therefore need not address Berndt's assertion that the employing agency is unequivocally bound by the Board's findings.

process right) (citing *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 774, 777 (9th Cir. 1982)).

**¶19**     We conclude, as a matter of law, the Board acted within its discretion in finding the Department had failed to prove the basis for discipline by a preponderance of the evidence and reducing the sanction to an eighty-hour suspension.  Because the Board's actions were not arbitrary and capricious, the Department had no authority to reject its decision.[10]

## CONCLUSION

**¶20**     We reverse the order of the superior court and remand to the superior court with instructions to enter an order reversing the Department's termination of Berndt's employment and reinstating the disciplinary sanctions ordered by the Board.

**¶21**     Berndt requests his attorneys' fees and costs on appeal pursuant to A.R.S. § 12-348(A)(2) and ARCAP 21.  As the prevailing party, Berndt is awarded his reasonable attorneys' fees and costs incurred on appeal upon compliance with ARCAP 21(b).

---

[10]     Having reached this conclusion, we need not address Berndt's contention that the Department improperly relied upon evidence outside the administrative record in rejecting the Board's decision.

**T H U M M A,** Judge, dissenting in part:

**¶22**        I would remand the matter to the Department. *See, e.g., Zavala v. Ariz. State Pers. Bd.*, 159 Ariz. 256, 267 (App. 1987) ("'The general rule seems to be that where an administrative agency has been found to have acted in violation of procedural requirements or arbitrarily, the administrative agency is entitled to have the proceedings returned to it.'") (citation omitted); *Caldwell v. Ariz. State Bd. of Dental Exam'rs*, 137 Ariz. 396, 401 (App. 1983) ("Remand to an administrative agency or board is appropriate where the agency has been found to have violated a statutory procedural requirement.") (citation omitted). In all other respects, I join in the analysis set forth above.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

11