*550 JONES, Judge,
concurring in part, and dissenting in part:
¶ 35 I agree Mother was properly served and failed to timely request a hearing following service of notice of registration of the Illinois child support orders. However, statute dictates that, in doing so, Mother waived her opportunity to contest the arrears alleged by Father through the date of filing the registration documents.
¶ 36 Pursuant to Arizona’s version of the Uniform Interstate Family Support Act (UIFSA), A.R.S. §§ 25-1201 to -1362, “[a] nonregistering painty seeking to contest the validity or enforcement of a registered support order in this state shall request a hearing,” A.R.S. § 25-1306(A), which must be done “within twenty days after the date of mailing or personal service of the notice [of registration],” A.R.S. § 25-1305(B)(2). Absent a timely request for a hearing, the order sought to be registered “is confirmed by operation of law.”[6] A.R.S. § 25-1306(B). Once the order is confirmed, the non-registering party is “preclude[d from] further contest of the order with respect to any matter that could have been asserted at the time of registration.” A.R.S. §§ 25-1305(B)(3), -1308. Notably, “the amount of any alleged arrear-ages” is a topic specifically identified as a matter that can be raised at a hearing to contest the enforcement of a registered support order. See A.R.S. § 25-1306(A).
¶ 37 These statutes are unambiguous, and we must apply their terms as written. See Berndt v. Ariz. Dep’t of Corr., 238 Ariz. 524, 528, ¶ 11, 363 P.3d 141 (App. 2015) (citing Fleming v. Ariz. Dep’t of Pub. Safety, 237 Ariz. 414, 417, ¶ 12, 352 P.3d 446 (2015)). The majority incorrectly interprets the phrase “alleged arrearages,” which appears in every section of the UIFSA cited above, to mean only those arrears that have been documented in a foreign order and presented to the registering court for confirmation.[7] This interpretation runs contrary to the commonly understood meaning of the word “alleged,” which is used to describe assertions that have not been proven. See, e.g., The Am. Heritage Dictionary 46 (5th ed. 2011) (defining “alleged” as “[represented as existing or as being as described but not so proved”). If the legislature intended the statute to encompass only those arrearages that have been proven and memorialized in an order, it would have done so. Moreover, interpreting the UIFSA to authorize confirmation of the foreign support order only, and not the amount of alleged arrears, impermissibly disregards the direction of A.R.S. § 25-1308, which “precludes further contest of the order with respect to any matter that could have been asserted at the time of registration.” See Ariz. Dep’t of Revenue v. Action Marine, Inc., 218 Ariz. 141, 143, ¶ 10, 181 P.3d 188 (2008) (“We construe related statutes together, and avoid interpretations that render statutory provisions meaningless, unnecessary, or duplicative.”) (citing State ex rel Larson v. Farley, 106 Ariz. 119, 122, 471 P.2d 731 (1970), and then Kriz v. Buckeye Petroleum Co., 145 Ariz. 374, 379, 701 P.2d 1182 (1985)).
¶ 38 Nor can I agree with the majority’s reliance upon what is otherwise the sound public policy of requiring parents to provide financial support to their children to bolster its position. Here, the receiver of support failed to object in a timely fashion and, by statute, waived her right to argue arrears. Thus, the public policy argument proffered serves the majority well by justifying its decision to allow Mother additional time in which to reopen the matter and establish the existence of arrears that would otherwise be foreclosed. But, this public policy argument is not uniformly applicable. For example, had it been the receiver of support to register the support order alleging the provider owed a substantial amount of arrears, and the provider had failed to object in a timely fashion, that same public policy aimed at preventing *551 the burden on public assistance programs would dictate an interpretation of the unambiguous language of the statute that foreclosed any attempt to reopen the issue of arrears. I cannot subscribe to an interpretation of the statutes that leads to such incongruous results. Nor is justice served by rewarding persons who sleep on their rights by providing additional opportunities specifically precluded by statute to the detriment of those who follow the specifically articulated provisions of that same law. See Phx. Title & Tr. Co. v. Old Dominion Co., 31 Ariz. 324, 336, 253 P. 435 (1927) (“Equity favors the diligent and not those who sleep on their rights.”).
¶ 39 Under the plain language of the UIF-SA, absent a timely objection, the Illinois order was confirmed by operation of law, and Mother was precluded from later objecting to any matter that could have been asserted at the time of registration, including the amount of arrears alleged by Father. I would affirm the orders of the trial court in their entirety.

. “Operation of law” is defined as "[t]he means by which a right or a liability is created for a party regardless of the party’s actual intent.” Black's Law Dictionary (10th ed. 2014).

. Alternatively, the majority incorrectly asserts that Father’s registration documents indicated only that there were no arrears as of the 2004 order. See supra 1(22. Father, however, specifically averred within his registration request that he was "not aware of any child support arrears owed to [Mother] in this matter.” (Emphasis added).